Maria Magdalena ZUNIGA–
NEGRETE, Petitioner,

v.

Alberto R. GONZALES,* Attorney
General, Respondent.

No. 02–71436.
Agency No. A75–487–987.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 8, 2005.

Decided April 15, 2005.

Arielle N. Bases, Law Office of Arielle Bases, Encino, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Immigration & Naturalization Service, San Francisco, CA, Paul Fiorino, U.S. Department of Justice, Office Of Immigration Litigation, Washington, DC, for Respondent.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Before PREGERSON and CANBY, Circuit Judges, and REED,** District Judge.

### MEMORANDUM***

Petitioner Maria Magdalena Zuniga–Negrete ("Zuniga–Negrete"), a native and citizen of Mexico, petitions for review of the April 2002 order of the Board of Immigration Appeals ("BIA") affirming without opinion the Immigration Judge's ("IJ") decision finding her removable and denying her application for cancellation of removal. Although she did not file a petition for review, Zuniga–Negrete also seeks review of the BIA's March 2003 denial of her Motion to Reopen and Reconsider. We dismiss the petition for review in part, and deny in part.

■ As an initial matter, we lack jurisdiction to review the BIA's March 19, 2003, order denying Zuniga–Negrete's Motion to Reopen and Reconsider because she did not file a timely petition for review. *See* 8 U.S.C. § 1252(b)(1); *see also Stone v. INS*, 514 U.S. 386, 400–05, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). Because we lack jurisdiction to consider this BIA action, we may not consider the documents submitted in Zuniga–Negrete's opening brief that are not a part of the administrative record from the BIA's April 2002 order. *See* 8 U.S.C. § 1254(b)(4)(A).

Zuniga–Negrete raises three main contentions to challenge the BIA's April 2002 order: (1) that the IJ erroneously found that she did not satisfy the "exceptional and extremely unusual hardship" require-

ment; (2) that her attorney provided her with ineffective assistance of counsel, thereby violating her due process rights to a fair hearing; and (3) that the BIA erred in affirming the IJ without opinion.

■ First, we lack jurisdiction to review the IJ's denial of Zuniga–Negrete's application for cancellation of removal because the IJ denied her application on the discretionary basis that she had not established "exceptional and extremely unusual hardship" and also his overall discretion. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft*, 327 F.3d 887, 888 (9th Cir. 2003).

Second, although we have jurisdiction to review Zuniga–Negrete's contention that she received ineffective assistance of counsel, *see* 8 U.S.C. § 1252(b)(9), the BIA properly rejected this claim because the administrative record does not indicate that Zuniga–Negrete either complied with the requirements in *Matter of Lozada*, 1988 WL 235454, 19 I. & N. Dec. 637, 639(BIA), *aff'd*, 857 F.2d 10 (1st Cir.1988), or was otherwise exempt from satisfying the *Lozada* requirements, *Reyes v. Ashcroft*, 358 F.3d 592, 596–98 (9th Cir.2004).

■ Finally, Zuniga–Negrete's argument that the BIA erroneously affirmed the IJ's discretionary hardship determination without opinion is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 854–55 (9th Cir.2003), which rendered this court without jurisdiction to review such a BIA decision. Although we retain jurisdiction to review Zuniga–Negrete's contention insofar as she challenges the BIA's decision to streamline the ineffective assis-

** The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tance portion of her appeal, *see* 8 U.S.C. § 1252(b)(9), her claim is without merit because she failed to comply with the *Lozada* requirements prior to the time when the BIA streamlined her case.

As a final matter, Zuniga–Negrete seeks a stay of the time period for her voluntary departure. Pursuant to *Desta v. Ashcroft*, 365 F.3d 741, 749 (9th Cir.2004), we construe her Motion for Stay of Removal as including a timely request for stay of voluntary departure. Because we previously granted her Motion for Stay of Removal, we stay the voluntary departure period, *nunc pro tunc*, to the filing of her Motion for Stay of Removal. Both the stay of removal and the stay of voluntary departure will expire upon issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part, DENIED in part.**