**Julio LOZADA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

**No. 86–1862.**

United States Court of Appeals, First Circuit.

Heard April 8, 1987.

Decided Sept. 14, 1988.

Mark L. Galvin with whom Watt & Galvin Providence, R.I., was on brief for petitioner.

James A. Hunolt with whom Richard K. Willard, Asst. Atty. Gen., and Robert Kendall, Jr., Asst. Director, Washington, D.C., were on brief for respondent.

Before COFFIN and TORRUELLA, Circuit Judges, and MALETZ,* Senior Judge.

* Of the United States Court of International Trade, sitting by designation.

COFFIN, Circuit Judge.

Petitioner is a 52–year–old citizen of the Dominican Republic who entered the United States as a lawful permanent resident on January 1, 1974. He has conceded that he is deportable because of criminal convictions in the United States, but has sought relief from deportation under two provisions of the Immigration and Nationality Act. An immigration judge denied his application for relief, and the Board of Immigration Appeals affirmed that ruling in summary fashion, noting that petitioner had not specified the reasons for his appeal. Petitioner makes two claims to us: first, that the Board erred in failing to review fully the immigration judge's decision, and second, that he was denied due process because of the ineffective assistance of his former counsel, who was responsible for the sketchy nature of his appeal to the Board. Petitioner seeks an order directing the Board to give additional consideration to his request for relief from deportation.

## I.

On May 8, 1984, the Immigration and Naturalization Service issued an Order to Show Cause charging that petitioner Julio Lozado was deportable under section 241(a)(4) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(4), because he had been convicted of a crime involving moral turpitude committed within five years after entry into the United States and sentenced to confinement for a period of one year or more. Lozado had been convicted during his residency in the United States of receiving stolen property, conspiracy to commit larceny, and obtaining money under false pretenses.

Petitioner admitted deportability under section 1251(a)(4), but applied for relief from deportation under sections 212(c) and 244(e) of the Act, 8 U.S.C. §§ 1182(c) and 1254(e). Under section 212(c), deportation may be waived in the discretion of the Attorney General for aliens deportable because of criminal convictions.[1] Section 244(e) gives the Attorney General the discretion to permit an alien to depart the country voluntarily, in lieu of deportation, if the individual meets certain statutory requirements.

An immigration judge denied petitioner's application for relief from deportation on March 13, 1985, finding that petitioner was statutorily ineligible for voluntary departure under section 244(e) and that petitioner's case did not merit a discretionary waiver of deportation under section 212(c). That same day, petitioner's former counsel filed a notice of appeal (Form I–290A) with the Board of Immigration Appeals, stating as reasons for the appeal that "[t]he Judge abused his discretion in that; (a) His decision was against the weight of the evidence presented[;] (b) His decision was against the law controlling this case[; and] (c) His decision was arbitrary and capricious." In the notice, petitioner's counsel stated that he intended to file a separate written brief.

In May 1986, the immigration court clerk informed petitioner's counsel by letter that a written brief already should have been filed, and suggested that any brief should promptly be submitted directly to the Board. No brief was filed. In a decision dated July 8, 1986, the Board summarily dismissed the appeal pursuant to 8 C.F.R. § 3.1(d)(1–a)(i). That regulation provides:

> The Board may summarily dismiss any appeal in any case in which (i) the party concerned fails to specify the reasons for his appeal on Form I–290A (Notice of Appeal); ...

The Board noted that petitioner had "in no meaningful manner identified the claimed error in the immigration judge's comprehensive ... decision...." The Board, ac-

---

**1.** Petitioner would seem ineligible for relief under the language of section 212(c), which applies on its face only to resident aliens who have travelled abroad temporarily and are excludable upon return to the United States. However, in *Francis v. INS*, 532 F.2d 268 (2d Cir.1976), the court ruled that Congress could not constitu-

tionally confine this possible relief to aliens who leave the country. After *Francis,* the Board of Immigration Appeals held that section 212(c) relief also is available in deportation proceedings. *Matter of Silva,* 16 I & N Dec. 26, 30 (BIA 1976).

cordingly, affirmed the decision of the immigration judge "for the reasons stated therein."

Petitioner filed the present petition for review in September 1986. He claimed that the Board erred in giving his claim only summary attention, and alternatively argued that he was denied due process on the basis of ineffective assistance of his former counsel, who inadequately had completed Form I–290A and who never filed a written brief in support of petitioner's appeal to the Board of Immigration Appeals. In January 1987, while the federal court case was pending, petitioner filed a motion to reopen proceedings before the Board. Although we heard oral argument in April 1987, we entered an order holding the case in abeyance pending the Board's resolution of the motion to reopen proceedings. The Board denied the motion on April 13, 1988. We now turn to the merits of the case.

## II.

■ Petitioner's primary argument is that the Board's summary dismissal of his appeal under 8 C.F.R. § 3.1(d)(1–a)(i) was improper. He claims that the reasons given in his Notice of Appeal were "sufficiently clear and descriptive to enable the Board to make a decision on the merits of the appeal." It is his contention that, had the Board given his appeal its full attention, he would have been found eligible for relief from deportation.

The Board recently has addressed the purpose of regulation 3.1(d)(1–a)(i):

In *Matter of Holguin*, 13 I & N Dec. 423 (BIA 1969), we noted that this regulation was designed to permit us to deal promptly with appeals where the reasons given for the appeal are inadequate to apprise the Board of the particular basis for the alien's claim that the immigration judge's decision is wrong. . . .

. . . Without a specific statement, the Board can only guess at how the alien disagrees with the immigration judge's decision. It is therefore insufficient to merely assert that the immigration judge improperly found that deportability had been established or denied an application

for relief from deportation. . . . Where eligibility for discretionary relief is at issue, it should be stated whether the error relates to grounds of statutory eligibility or to the exercise of discretion. Furthermore, it should be clear whether the alleged impropriety in the decision lies with the immigration judge's interpretation of the facts or his application of legal standards. Where a question of law is presented, supporting authority should be included, and where the dispute is on the facts, there should be a discussion of the particular details contested.

. . . In all cases, . . . the reasons for an appeal must be meaningfully identified on the Notice of Appeal.

*Matter of Valencia*, Interim Dec. 3006, slip op. at 2–3 (BIA Feb. 14, 1986).

We agree with the Board that petitioner's bare complaints—that the judge's decision was "against the weight of the evidence," "against the law controlling the case," and "arbitrary and capricious"—do not meet these requirements, and fail to give the Board any meaningful information about the asserted error or errors in that decision. These three statements are no different in kind from that in *Reyes–Mendoza v. INS*, 774 F.2d 1364 (9th Cir.1985), where the petitioner gave as his reason for appeal: "Wrongful denial of suspension of deportation." The Ninth Circuit found summary dismissal to be appropriate in that case because the statement on the form was "inadequate to inform the [Board] of what aspects of the [judge's] decision were allegedly incorrect and why." *Id.* at 1365. *See also Townsend v. INS*, 799 F.2d 179, 181 (5th Cir.1986) (petitioner stated only that "male respondent has sufficiently established his 'well founded fear of persecution' according to present case law"); *Matter of Valencia*, Interim Dec. 3006, slip op. at 2 (petitioner stated: "I respectfully submit that the hearing officer erred in that of the appellant [sic] burden of proving a well-founded fear of persecution in his native Nicaragua."); *Matter of Holguin*, 13 I & N Dec. at 424 (petitioner stated: "Decission [sic] is contrary to cus-

tomary and enacted law as it relates to the operative facts in the present matter.").

The inadequacy of petitioner's Notice of Appeal is particularly clear when that notice is contrasted with his brief to us. Petitioner's brief gives several specific reasons why he believes the immigration judge abused his discretion in denying relief under section 212(c). For example, he claims that the immigration judge apparently misread his criminal records and, as a result, mistakenly believed that petitioner had a "recent criminal history." In addition, he emphasizes his record of rehabilitation and a positive letter submitted on his behalf by his probation counselor. Specifics such as these should have been included in the notice to the Board. Without them, the Board was left guessing at how and why petitioner thought the court had erred.

Petitioner suggests, however, that only "frivolous and dilatory appeals" may be dismissed summarily, and he cites language in *Matter of Holguin* indicating that section 3.1(d)(1–a) was designed to permit the Board to deal promptly with frivolous appeals, *see* 13 I & N Dec. at 425. We disagree that this is the regulation's only purpose. The Board in *Holguin* also emphasized the inadequacies of the Notice of Appeal in that case. And in *Matter of Valencia*, the Board explained in detail why "the reasons for an appeal must be meaningfully identified" *in all cases*. *See supra* pp. 5–6. That petitioner's claim in this case may not have been frivolous does not affect the Board's right to dismiss summarily under section 3.1(d)(1–a)(*i* ). *Compare* subsection (i) (failing to specify reasons for appeal) *with* subsection (iv) ("the Board is satisfied, from a review of the record, that the appeal is frivolous or filed solely for the purpose of delay").

We therefore find no error in the Board's decision to invoke 8 C.F.R. § 3.1(d)(1–a)(i) to dismiss summarily petitioner's appeal.[2]

### III.

Petitioner also argues that we should order the Board to reopen his case, and to allow him to submit a written brief in support of his appeal, because he otherwise would be denied due process as a result of the ineffective assistance of his former counsel. Specifically, petitioner claims that his prior counsel's inadequate statement on the Notice of Appeal and the lawyer's failure to file a brief in support of the appeal denied him due process by causing a summary dismissal of the appeal.

 Because deportation proceedings are deemed to be civil, rather than criminal, in nature, petitioners have no constitutional right to counsel under the Sixth Amendment. *United States v. Campos–Asencio*, 822 F.2d 506, 509 (5th Cir.1987); *Magallanes–Damian v. INS*, 783 F.2d 931, 933 (9th Cir.1986). *See also INS v. Lopez–Mendoza*, 468 U.S. 1032, 1038, 104 S.Ct. 3479, 3483, 82 L.Ed.2d 778 (1984) ("A deportation proceeding is a purely civil action to determine eligibility to remain in this country. . . . Consistent with the civil nature of the proceeding, various protections that apply in the context of a criminal trial do not apply in a deportation hearing."); *Abel v. United States*, 362 U.S. 217, 237, 80 S.Ct. 683, 696, 4 L.Ed.2d 668 (1960) ("deportation proceedings are not subject to the constitutional safeguards for criminal prosecutions"). Nevertheless, such petitioners are entitled to due process. "Ineffective assistance of counsel in a deportation proceeding is a denial of due process only 'if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case.'" *Ramirez–Durazo v. INS*, 794 F.2d 491, 499–500 (9th

---

2. Petitioner does not ask us to review the merits of the case. We note, however, that the immigration judge correctly determined that petitioner was ineligible for voluntary departure under section 244(e). Under that section, an alien deportable under section 241(a)(4) of the Act is ineligible for voluntary departure unless he has been physically present in the United States, and of good moral character, for a continuous period of 10 years. Petitioner's latest conviction was in 1984 as a result of criminal activity in 1980.

As to the judge's discretionary finding that petitioner did not merit section 212(c) relief, the question seems close, but the decision does not appear to be an abuse of discretion.

Cir.1986) (quoting *Lopez v. INS*, 775 F.2d 1015, 1017 (9th Cir.1985)). *See also LeBlanc v. INS*, 715 F.2d 685, 694 (1st Cir. 1983) (no need to remand based on ineffective assistance of counsel where "[t]here has been no violation of fundamental fairness").

Even if we assumed that former counsel's failure initially to secure full review by the Board was so harmful as to have caused a denial of due process had the proceedings stopped at that point, the Board's careful attention to petitioner's motion to reopen deportation proceedings negated any possible violation. In rejecting the same challenges to the immigration judge's decision that petitioner raises to us, the Board stated the following about that decision:

> The immigration judge considered and properly evaluated all the evidence presented, and his conclusions that the respondent did not merit a grant of section 212(c) relief as a matter of discretion and that he was ineligible for voluntary departure as a matter of law are supported by the record.
>
> The allegations of error ascribed to the immigration judge in the respondent's motion are unfounded.

The Board then responded to petitioner's specific allegations of error, stating that the transcript of petitioner's deportation hearing and the immigration judge's decision show that the judge did not misconstrue petitioner's criminal record, and explaining why petitioner did not meet the statutory requirements for voluntary departure.

In effect, as a result of the Board's serious consideration of petitioner's motion to reopen proceedings, he received nearly all the attention to his case that ever potentially was available. In these circumstances, it is clear that petitioner did not suffer ineffective assistance of counsel that rendered his proceeding "fundamentally unfair." His due process claim is, therefore, unavailing.

For the foregoing reasons, we deny petitioner's request that we remand this case to the Board for a full review of his claim on the merits.