139 F.3d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alona E. SIMON, Petitioner,
v.
Immigration and Naturalization Service, Respondent.
 No. 97-70613.
INS No. Afy-eki-wmr.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998**.
Decided Feb. 23, 1998.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alona Simon, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing her appeal from the Immigration Judge's ("IJ") denial of Simon's motion to reopen deportation proceedings that had been conducted in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a).[1] We review for an abuse of discretion the denial of a motion to reopen, see Sharma v. INS, 89 F.3d 545, 547 (9th Cir.1996), and we deny the petition for review.
 
 
 3
 Simon contends that it was an abuse of discretion to deny her motion to reopen because her absence from her deportation hearing was due to her attorney's miscalendaring the hearing date. This claim lacks merit.
 
 
 4
 Proceedings in which an order of deportation has been entered in absentia are only reopened: (1) in exceptional circumstances; (2) due to lack of notice; and (3) because the alien was in federal or state custody. 8 U.S.C. § 1252b(c); see id. Exceptional circumstances are defined as "circumstances (such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1252b(f)(2).
 
 
 5
 Because the calendaring of the date of the hearing was well within the control of Simon and her attorney, the BIA did not abuse its discretion by finding that the mistake was not an exceptional circumstance. See Sharma, 89 F.3d at 547. Moreover, Simon states in her affidavit to the BIA that she received oral notice of the proper hearing date.
 
 
 6
 Simon also contends it was an abuse of discretion to deny her motion to reopen because she received ineffective assistance of counsel. This contention lacks merit.
 
 
 7
 To show ineffective assistance of counsel in a motion to reopen, an alien must: (1) provide an affidavit describing in detail the agreement with counsel; (2) inform counsel of the allegations and afford counsel an opportunity to respond; and (3) report whether a complaint of ethical or legal violations has been filed with the proper authorities, and if not why not. See Matter of Lozada, 19 I & N Dec. 637, 639 (BIA 1988), aff'd, 857 F.2d 10 (1st Cir.1988).
 
 
 8
 In her motion to reopen, Simon's counsel submitted an affidavit stating that the law firm's administrative error resulted in the miscalendaring of the hearing. Simon did not include an affidavit as required by Lozada. See Lozada, 19 I & A at 639. Because Simon failed to demonstrate ineffective assistance of counsel, she fails to demonstrate an abuse of discretion by the BIA. See Sharma, 89 F.3d at 547.
 
 
 9
 Finally, we lack jurisdiction to consider Simon's claim that she is entitled to discretionary relief. See 8 U.S.C. § 1252b(c)(4) (when reviewing order entered in absentia, jurisdiction is "confined to the issues of the validity of the notice provided to the alien, to the reasons for the alien's not attending the proceeding, and to whether or not clear, convincing, and unequivocal evidence of deportation has been established.").
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repeals 8 U.S.C. § 1105a and replaces it with a new judicial review provision to be codified at 8 U.S.C. § 1252. See IIRIRA § 306(c)(1), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because the new review provision commenced before April 1, 1997, we continue to have jurisdiction over the instant petition under 8 U.S.C. § 1105a. See IIRIRA § 309(c)(1)