DUNCAN, Circuit Judge,
dissenting.
I respectfully disagree with the majority’s proposed disposition of this case. I would address the merits of Mr. Akwada’s ineffective assistance claim and find that the claim equitably tolls the procedural bars preventing review of this petition. Therefore, I respectfully dissent.
It is undisputed that Mr. Akwada married a legal permanent resident of the United States in 1994 and that his wife became a naturalized citizen in 1998. As the majority recognizes, Mr. Akwada is therefore presumptively eligible for an adjustment of status based on his marriage.[1] Mr. Akwada, however, cannot enjoy the benefit of that presumption solely because of the ineffective assistance of his former counsel.
It is also undisputed that Mr. Akwada’s prior counsel: 1) failed to file a Notice of Appointment of Representative Form with the INS for five years, causing him to miss notice of important developments in Mr. Akwada’s case; 2) failed to withdraw Mr. Akwada’s application for asylum and file conditional residence papers as requested by Mr. Akwada; and 3) failed to inform the INS that Mr. Akwada had changed addresses, causing Mr. Akwada to miss notices of asylum interviews and removal proceedings and, ultimately, to be ordered removed in absentia.
*540 Most importantly, however, former counsel also squandered Mr. Akwada’s initial opportunity to reopen proceedings by failing to follow basic filing instructions for the requisite motions. The time and numerical bars applicable to the instant petition to reopen are the direct result of that ineffective assistance. The majority refuses to reach the merits of Mr. Akwada’s ineffective assistance of counsel claim because he fails to satisfy these time and numerical bars. This refusal is logically flawed, however, because Mr. Akwada’s ineffective assistance claim is founded on this very failure. Therefore, ignoring our duty to address that failure here leaves Mr. Akwada with no forum to ever present the merits of his claim—a claim which everyone acknowledges leaves him “presumptively eligible” for a change in status. Therefore, I would address the merits of Mr. Akwada’s ineffective assistance of counsel claim. Accord United States v. Breckenridge, 93 F.3d 132, 134 (4th Cir.1996) (“[I]t is well-settled that ineffective assistance of counsel constitutes cause for [defeating the procedural bar for] failure to raise an issue” in a § 2255 habeas proceeding.).
In Matter of Lozada, 19 I & N Dec 637 (BIA 1988), the BIA established the standard for a successful motion to reopen based on ineffective assistance of counsel. First, petitioner should include “an affidavit ... that sets forth in detail the agreement that was entered into with former counsel with respect to the actions to be taken on appeal and what counsel did or did not represent to the respondent in this regard.” Id. at 639. Second, “former counsel must be informed of the allegations and allowed the opportunity to respond.” Id. Third, “if it is asserted that prior counsel’s handling of the case involved a violation of ethical or legal responsibilities, the motion should reflect whether a complaint has been filed with appropriate disciplinary authorities regarding such representation, and if not, why not.” Id.
In the instant petition arguing ineffective assistance of counsel, Mr. Akwada has complied with these factors.[2] He has presented a copy of the agreement into which he entered with former counsel, as well as his understanding of that agreement; he has informed former counsel of the allegations against him and given him an opportunity to respond; and he has filed a complaint against former counsel with the Attorney Grievance Commission in Maryland.
Under other circumstances demonstrating substantial hardship, where the petitioners had substantially complied with the Lozada requirements for establishing ineffective assistance of counsel, this court has found that the Board of Immigration Appeals abused its discretion in refusing to equitably toll the time and numerical requirements for the petition. Davies v. I.N.S., 10 Fed. Appx. 223, 224 (4th. Cir.2001) (per curiam) (unpublished). Based on former counsel’s inexcusable negligence in this case, I would so find here. To hold otherwise provides Mr. Akwada with no avenue through which to remedy the ineffective assistance or remedy the extreme prejudice to which it has exposed him. The majority presents no countervailing *541 considerations for its refusal to do so.[3]
Accordingly, I would equitably toll the procedural requirements preventing adjudication of this claim and remand this petition to the BIA so that it may consider the merits.
I respectfully dissent.

. See Op. at-, n. 8.

. The Lozada requirements need not be rigidly enforced. "Substantial compliance" with the factors will suffice when the record demonstrates that an actual factual basis exists for a legitimate complaint. Castillo-Perez v. I.N.S., 212 F.3d 518, 526 (9th Cir.2000); see also Davies v. I.N.S., 10 Fed. Appx. 223, 224 (4th. Cir.2001) (per curiam) (unpublished) (finding procedural bars equitably tolled because "[pjetitioners substantially complied with the requirements set forth in Lozada for establishing ... ineffective assistance.”).

. At the end of its opinion, the majority notes that a motion to reopen jointly filed by Mr. Akwada and the government would not be subject to the time bars applicable in this case, and may be advisable because Mr. Akwada is “presumptively eligible for adjustment of status.” Op. at 539, n. 8 (citing 8 C.F.R. § 1003.23(b)(4)(iv)). It is difficult to see, however, of what comfort this should be to Mr. Akwada. The majority does not provide any indication that the government, having opposed Mr. Akwada's petition to reopen in this case, would join in a subsequently filed petition. More fundamentally, the existence of this potential avenue of relief does not absolve this court of its responsibility to correct a proceeding “so fundamentally unfair that [Mr. Akwada] was prevented from reasonably presenting his case” through no fault of his own. Lozada v. I.N.S., 857 F.2d 10, 13 (1st. Cir.1988) (internal quotation omitted).