**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

No. 04-2383

MOHAMMED S. ALAM,

Petitioner,

v.

ALBERTO R. GONZÁLES, ATTORNEY GENERAL[*],

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Selya, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

Mohammed S. Alam on brief pro se.
Peter D. Keisler, Assistant Attorney General, Douglas E.
Ginsburg, Senior Litigation Counsel and Lyle D. Jentzer, Trial
Attorney on brief for respondent.

September 15, 2005

---

[*]Alberto Gonzáles was sworn in as United States Attorney
General on February 3, 2005. We have therefore substituted
Attorney General Gonzáles for John Ashcroft as the respondent. See
Fed. R. Civ. 25(d)(1); Fed. R. App. P. 43(c)(2).

**Per Curiam**. Mohammed S. Alam, a native and citizen of Bangladesh, petitions for review of a decision of the Board of Immigration Appeals (BIA) affirming the denial by an Immigration Judge (IJ) of his application for political asylum, withholding of removal, and relief pursuant to the United Nations Convention Against Torture ("CAT"). The petition for review is denied.

As an initial matter, we find no abuse of discretion in the BIA's insistence upon compliance with the requirements of Matter of Lozada, 19 I&N Dec. 637 (BIA 1988), aff'd 857 F.2d 10 (1st Cir. 1988), as a precondition to Alam's pursuit of his claim of ineffective assistance of counsel. Betouche v. Ashcroft, 357 F.3d 147, 149 n.2 (1st Cir. 2004) (BIA has discretion to insist on compliance with Lozada prerequisites). Alam's failure to comply with *any* of the three Lozada prerequisites hardly constitutes a strong basis to argue otherwise. And, we find neither abuse of discretion nor error of law in the BIA's further conclusion that Alam had failed to establish prejudice from his counsel's claimed deficiencies.

In reviewing a BIA denial of asylum, we determine whether the decision is supported by substantial evidence in the record, upholding the BIA's fact-based determination of an alien's entitlement to asylum unless "'any reasonable adjudicator would be compelled to conclude to the contrary.'" Bocova v. Gonzales, 412 F.3d 257, 262 (1st Cir. 2005) (quoting 8 U.S.C. § 1252(b)(4)(B)).

Upon our review of the record under this standard, we find easily sustainable the BIA's determination that the evidence does not establish Alam's eligibility for political asylum. In brief, as noted by the BIA, Alam points to a single assault in 1988 by members of a party opposed to the ruling party (of which Alam was a member) for which Alam required some (not further described) medical attention. Although Alam left Bangladesh the following year, he has voluntarily returned to Bangladesh since then, if only briefly, but without incident. Alam's additional evidence of persecution of family members was, as recited by the BIA, very summary.

Alam makes no further particularized claim with respect to his requests for withholding of removal and relief under the CAT. In any event, as Alam's asylum claim fails, so does the withholding claim, as it engenders an even more stringent burden of proof. See Settenda v. Ashcroft, 377 F.3d 89, 93-94 (1st Cir. 2004). Substantial evidence supports the denial of the CAT claim.

Alam's request for oral argument is denied.

The petition for review is denied.