[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 13, 2006
THOMAS K. KAHN
CLERK

No. 05-14353
Non-Argument Calendar

_____

BIA Nos. A95-221-888 & A95-221-889

SARA MARIA VASQUEZ,
LINA XIOMARA HERNANDEZ,
INGRID JOHANNA HERNANDEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

**(February 13, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Sara Maria Vasquez petitions this Court to review her second motion to reopen the April 28, 2004, final order of removal by the Board of Immigration Appeals and to review the final order of removal itself. Because Vasquez's second motion to reopen was filed more than 90 days after the final order of removal was entered by the BIA, the regulations allow only one motion to reopen, and Vasquez did not satisfy the requirements for a petition to reopen based on ineffective assistance of counsel, we deny Vasquez's petition to review the denial of her second motion to reopen. Because we already denied a petition to review the final order of removal on March 17, 2005, we lack jurisdiction to entertain a second petition to review filed more than a year after that order of removal. We dismiss Vasquez's latest petition to review the final order of the BIA.

## BACKGROUND

Vasquez, a citizen of Columbia, entered the United States with her two daughters on August 4, 2001, on a non-immigrant visa that expired on February 3, 2002. On December 11, 2001, Vasquez filed an application for asylum and withholding of removal on behalf of herself and her family with the Immigration and Naturalization Service, alleging persecution for political opinion. Vasquez overstayed her visa and the INS initiated removal proceedings against her on February 6, 2002.

On October 10, 2002, the immigration judge denied her asylum petition. The IJ found that, although her story was credible, Vasquez did not establish past persecution or a well-founded fear of future persecution. Vasquez appealed this decision to the BIA, which affirmed without opinion on April 28, 2004. Vasquez petitioned this Court to review the decisions of the IJ and BIA, and we denied her petition on March 17, 2005.

Vasquez moved the BIA to reopen her removal proceedings on January 18, 2005. The BIA denied this motion as untimely on March 31, 2005. Vasquez did not petition this Court to review this decision. On April 26, 2005, Vasquez filed a second motion to reopen, which the BIA denied on July 19, 2005, as both untimely and successively barred. Vasquez petitioned this court for review on August 10, 2005.

## STANDARD OF REVIEW

We review the denial of a motion to reopen removal proceedings by the BIA for abuse of discretion. Gbaya v. U. S. Att'y Gen., 342 F.3d 1219, 1220 (11th Cir. 2003).

## DISCUSSION

Vasquez seeks review of both the denial by the BIA of her second motion to reopen and the final order of the BIA entered on April 28, 2004. The government opposes the motion on the grounds that review of the order of the BIA of April 28,

3

2004 is time-barred and the second motion to reopen was both time-barred and impermissibly successive. 8 U.S.C. §§ 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). Vasquez also argues that she should be permitted a second motion to reopen because she was denied effective assistance of counsel in her first motion to reopen. We address each order of the BIA in turn.

## A. *The BIA Did Not Abuse Its Discretion by Denying Vasquez's Second Motion to Reopen.*

Vasquez's argument regarding the denial of her second motion to reopen fails. The BIA denied Vasquez's motion to reopen because it was both untimely and successively barred. The BIA did not abuse its discretion on either ground.

First, Vasquez's motion was untimely. A motion to reopen must be filed within 90 days "after the date on which the final administrative decision was rendered in the proceeding sought to be reopened . . . ." 8 C.F.R. § 1003.2(c)(2); see also 8 U.S.C. §1229a(c)(7)(A)(i). Vasquez did not file the motion to reopen until April 26, 2005, nearly a year after the final order had been rendered on April 28, 2004.

Second, Vasquez's motion was successive. Regulations allowed Vasquez a single motion to reopen. 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2). Vasquez filed a motion to reopen on January 18, 2005, and that motion was denied by the BIA. Vasquez did not petition for review of the denial of her motion but

4

filed a second motion to reopen on April 26, 2005. Although section 1003.2(c)(3) lists four conditions that, if met, will relieve a party of the time and successive limits of section 1003.2(c)(2), Vasquez does not argue that she satisfied any of these conditions.

Vasquez erroneously argues that the BIA abused its discretion when it refused to reopen her motion on the ground that she had been denied effective assistance of counsel when she filed her first motion. Vasquez's argument fails because she did not substantially comply with the requirements of Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988), aff'd, 857 F.2d 10 (1st Cir. 1988). Lozada set out three factors for the BIA to consider when examining a motion to reopen based on ineffective assistance of counsel: (1) the motion should be supported by an affidavit setting forth the petitioner's agreement with counsel in detail and the representations counsel did or did not make to the petitioner regarding the alleged claim; (2) petitioner must inform counsel of the allegations against him and allow him an opportunity to respond; and (3) the motion must reflect whether a complaint has been filed with the appropriate disciplinary authorities with respect to any ethical or legal violations by counsel, and if not, why not. Id. at 639. Although we have not ruled whether a petitioner must satisfy all three factors of Lozada, we have held that a petitioner must substantially comply with the Lozada factors. Gbaya, 342 F.3d at 1222-23. Vasquez failed to

5

comply with any of the requirements of Lozada.

Vasquez argues that the ineffectiveness of her counsel is obvious from the record and the Lozada factors should be suspended for her, but we rejected a similar argument in Gbaya. The purpose of the Lozada factors is to "prevent the BIA from having to examine the record in each and every ineffective assistance of counsel claim it receives." Id. at 1222. The BIA did not abuse its discretion by denying Vasquez's second motion to reopen.

*B. We Are Without Jurisdiction to Review the Final Order of Removal of April 28, 2004.*

Vasquez's petition to review the final order of removal of April 28, 2004, is not properly before us. On May 27, 2004, Vasquez petitioned this court to review that order, and her petition was denied. See Vasquez v. U. S. Att'y Gen., No. 04-12685 (11th Cir. March 17, 2005). Vasquez did not petition this Court for rehearing, and we are without jurisdiction to review the final order of removal again.

## CONCLUSION

Vasquez's petition to review the decision of the BIA denying her second motion to reopen is **DENIED**, and her petition to review the final order of removal of April 28, 2004 is **DISMISSED**.

**PETITION DENIED** in part and **DISMISSED** in part.

6