[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 10, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15336
Non-Argument Calendar

_____

BIA No. A79-399-749

JOSEPH ALEXANDER PITAM,
a.k.a. Ramiese Hochoy Mahadeo,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(May 10, 2007)**

Before TJOFLAT, ANDERSON and BARKETT, Circuit Judges.

PER CURIAM:

In this case, an Immigration Judge ("IJ"), on August 10, 2001, denied

Petitioner's application for asylum, withholding of removal under the Immigration and Nationality Act, and the relief afforded by the U.N. Convention Against Torture, and ordered Petitioner's removal.[1]  The Board of Immigration Appeals ("BIA") affirmed the IJ's decision without opinion on June 10, 2003.

On August 14, 2006, Petitioner moved the BIA to reopen his removal proceedings, claiming that the attorney who had represented him before the IJ had rendered ineffective assistance of counsel, in that she failed to notify him of the BIA's decision and therefore deprived him of his opportunity to prosecute a petition for review in this court.  Petitioner also claimed that the attorney was aware of these facts, but had not responded to him.[2]

The BIA denied the motion to reopen on September 8, 2006.  It rejected the ineffective assistance claim because Petitioner failed to comply with the procedural requirements for presenting such a claim as spelled out in Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988), aff'd 857 F.2d 10 (1st Cir. 1988).  Specifically, Petitioner failed to accompany his motion with a copy of his representation agreement with his attorney, failed adequately to notify the attorney of her alleged

---

[1]  Petitioner is a native and citizen of Guyana, who admitted at his removal hearing before the IJ that he  attempted to enter the United States with a fraudulent passport on April 22, 2001, and thus was subject to removal as alleged in the Government's Notice to Appear.

[2]  Petitioner's motion to reopen also stated that he was now married to a United States citizen, was the father of a child born here, and was the beneficiary of an approved petition for an immediate relative visa.

deficiencies, and failed to provide adequate proof that he had filed a bar complaint against her. Petitioner now seeks review of the denial of his motion to reopen.

In a civil removal proceeding, an alien is not entitled to the Sixth Amendment right to counsel; nonetheless, he is entitled under the Fifth Amendment Due Process Clause to a fundamentally fair hearing and to effective assistance of counsel where, as here, counsel is providing representation. Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1273-74 (11th Cir. 2005). In Matter of Lozada, the BIA held that a motion to reopen based on a claim of ineffective assistance of counsel requires

> (1) that the motion be supported by an affidavit of the allegedly aggrieved respondent setting forth in detail the agreement that was entered into with counsel with respect to the actions to be taken and what representations counsel did or did not make to the respondent in this regard, (2) that counsel whose integrity or competence is being impugned be informed of the allegations leveled against him and be given an opportunity to respond, and (3) that the motion reflect whether a complaint has been filed with appropriate disciplinary authorities with respect to any violation of counsel's ethical or legal responsibilities, and if not, why not.

19 I.&N. Dec. 637, 639 (BIA 1988). "[I]n addition to substantial, if not exact compliance" with these requirements, the alien must also show prejudice. Dakane, 399 F.3d at 1274. "Prejudice exists when the performance of counsel is so inadequate that there is a reasonable probability that but for the attorney's error, the outcome of the proceedings would have been different." Id.

3

In this case, Petitioner failed to satisfy <u>Lozada</u>'s second requirement; he did not inform his attorney of the allegations he was leveling against her and give her an opportunity to respond. We therefore deny Petitioner's challenge to the BIA's decision denying the motion to reopen.

In his brief, Petitioner presents a claim based on 8 C.F.R. §§ 245.1(c)(8) and 1245.1(c)(8). These regulations address the manner in which an alien may seek adjustment of his status; they specifically preclude adjustment for an alien who is in deportation proceedings. <u>See</u> 8 C.F.R. §§ 245.1(c)(8) and 1245.1(c)(8); <u>see also</u> <u>Scheerer v. U.S. Att'y Gen.</u>, 445 F.3d 1311, 1318-22 (11th Cir. 2006) (holding that 8 C.F.R. § 1245.1(c)(8) is invalid). Petitioner did not present this claim to the BIA. In failing to do so, Petitioner failed to exhaust his administrative remedies. For this reason, we do not consider the claim here.

**PETITION DISMISSED**, in part, and **DENIED**, in part.