**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 06-2015

RODNEY ALFRED BUSTILLO,

Petitioner,

v.

ALBERTO R. GONZÁLES, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Boudin, <u>Chief Judge</u>,
Campbell, <u>Senior Circuit Judge</u>,
and Lynch, <u>Circuit Judge</u>.

<u>Rodney Alfred Bustillo</u> on brief pro se.
<u>Richard Zanfardino</u>, Trial Attorney, U.S. Department of Justice, <u>Anthony W. Norwood</u>, Senior Litigation Counsel, Office of Immigration Litigation, and <u>Peter D. Keisler</u>, Assistant Attorney General, Civil Division, on brief for respondent.

June 27, 2007

**Per Curiam**.  Petitioner Rodney Bustillo seeks review of an order of the Board of Immigration Appeals (BIA) denying his motion to reopen an October 2004 order of deportation.  Such a ruling will be upheld unless petitioner can show an abuse of discretion--i.e., "that the BIA committed an error of law or exercised its judgment in an arbitrary, capricious, or irrational way."  Raza v. Gonzales, 484 F.3d 125, 127 (1st Cir. 2007).  As no such showing has been made here, the petition for review will be denied.

Motions to reopen before the BIA "are limited both numerically (one to a customer) and temporally (a ninety-day window)."  Id. (citing 8 C.F.R. § 1003.2(c)(2)).  The BIA justifiably denied relief on both such grounds.  Petitioner had earlier filed at least two other motions to reopen; the instant request was filed some fifteen months after the deadline; equitable tolling, even if available in this context, would be barred by petitioner's lack of due diligence; and no other exceptional circumstances are present.  The BIA also cited a third ground: petitioner's ineffective-assistance-of-counsel claim did not comply with the threshold procedural requirements prescribed by Matter of Lozada, 19 I. & N. Dec. 637 (BIA), review denied, 857 F.2d 10 (1st Cir. 1988).  This rationale, too, was supportable.  See, e.g., Zeng v. Gonzales, 436 F.3d 26, 31 (1st Cir. 2006).

-2-

In this court, petitioner does not address these procedural matters directly but rather attacks the substance of the original BIA decision. That challenge is not only misdirected (as it ignores the BIA's reasons for denying reopening) but also misplaced. Contrary to petitioner's suggestion, counsel's failure to file a brief with the BIA does not amount to prejudice per se. See Hernandez v. Reno, 238 F.3d 50, 57 (1st Cir. 2001). Instead, petitioner must establish "a reasonable probability that the result of the proceedings would have been different" had a brief been submitted. Id. at 56-57 (internal quotation marks omitted). Such a showing has not been made here. And such a probability is not otherwise discernible--particularly since the Immigration Judge had spelled out the principal arguments in petitioner's favor, and a family member had filed a brief on his behalf.

The petition for review is denied.