

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-16-2007

# Rahman v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3487

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Rahman v. Atty Gen USA" (2007). *2007 Decisions.* Paper 770.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/770

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3487

AZAM RAHMAN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petition for Review of an Order of
The Board of Immigration Appeals
Immigration Judge: Honorable Annie S. Garcy
(No. A70-651-119)

Submitted Under Third Circuit LAR 34.1(a)
July 10, 2007

Before: RENDELL and AMBRO, Circuit Judges,
SHAPIRO,* District Judge

(Opinion filed July 16, 2007)

OPINION

_____

*Honorable Norma L. Shapiro, Senior District Judge for the Eastern District of
Pennsylvania, sitting by designation.

AMBRO, Circuit Judge

Azam Rahman is a native of Bangladesh who seeks review of a Board of Immigration Appeals decision that adopted and affirmed an Immigration Judge's denial of discretionary cancellation of removal and denied Rahman's motion to reopen his removal proceedings on claims of ineffective assistance of counsel. Rahman has failed to demonstrate that he suffered prejudice by counsel's performance, and we lack jurisdiction to review the discretionary denial of relief. Accordingly, we deny the petition for review.[1]

Rahman is father to two children, ages four and one, both U.S. citizens. In 2002, he was served with a notice to appear and charged with removability as an alien who entered the United States without inspection. Rahman claims that if he is removed, he will be forced to take his children with him to Bangladesh, where they will not receive adequate healthcare. Because of substandard healthcare in Bangladesh, he argues, the removal will result in "exceptional and extremely unusual hardship" to his children, for which he is eligible for discretionary cancellation of removal under 8 U.S.C.

---

[1] We have jurisdiction to review final orders of removal under 8 U.S.C. § 1252(a)(1), but are without jurisdiction to review denials of discretionary relief under 8 U.S.C. § 1252(a)(2)(B). Because the decision to deny cancellation of removal here was discretionary, we lack jurisdiction to review it. *Mendez-Moranchel v. Ashcroft*, 338 F.3d 176, 176 (3d Cir. 2003). We review constitutional questions *de novo* and findings of fact under the substantial evidence standard. *Mudric v. Att'y Gen.*, 469 F.3d 94, 97 (3d Cir. 2007).

§ 1229b(b)(1).[2]  He also argues that his counsel's failure to develop a record to demonstrate that his children would suffer this type of hardship in Bangladesh prejudiced his application for cancellation.

The IJ found that Rahman failed to demonstrate that he was eligible for cancellation because he failed to prove that he would have to take his children with him. According to the IJ, Rahman failed to elicit testimony from his wife or in-laws, with

---

[2] This provision states:

The Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien-

(A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;

(B) has been a person of good moral character during such period;

(C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title, subject to [instances where the Attorney General exercises discretion to grant a waiver under § 1227(a)(7) of this title]; and

(D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

8 U.S.C. § 1229b(b)(1).  The immigration judge resolved questions regarding the first three elements in favor of Rahman, despite certain gaps in the evidence.  The Government does not contest those rulings.  At issue is the fourth prong—whether Rahman's children would suffer "exceptional and extremely unusual hardship."

3

whom he and his children lived, to convince the IJ that the children must accompany him to Bangladesh if he were removed. Nevertheless, assuming that Rahman would have to take them, he did not demonstrate that his children would suffer hardship in Bangladesh, much less "exceptional and extremely unusual hardship," because he presented no evidence that the medical system in Bangladesh is subpar. The IJ therefore denied Rahman's application for cancellation of removal and granted his application for voluntary departure.

On appeal before the BIA, Rahman argued that he did not present the requisite evidence because he was ineffectively assisted by his former attorney, who failed to develop a record to demonstrate the significant suffering his children would endure if forced to return with Rahman to Bangladesh. Rahman submitted to the BIA evidence that included a social worker's psychological assessment, stating that the inferior healthcare system, severe pollution, and prevalence of AIDS would put the children at risk (particularly the oldest son, who suffers from asthma and allergies). The BIA noted that, even if Rahman had satisfied all the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA), *aff'd*, 857 F.2d 10 (1st Cir. 1998) (governing ineffective assistance claims), none of the evidence submitted on appeal demonstrated that the children suffered from any serious medical condition or that the health and medical resources in Bangladesh are so deficient as to create for the children a hardship so severe to qualify as extremely unusual. As the prejudice prong was not met, Rahman was not entitled to relief on the

merits or on an ineffective assistance of counsel claim.

For the reasons stated by the IJ and the BIA, we deny the petition for review.  We also dismiss the motion to waive oral argument as moot.[3]

---

[3] There is a final observation worth mentioning about the advocacy here.  We normally would overlook the myriad typographical errors in the Government's Brief.  *E.g.*, Govt's Br. at 3 ("he wanted to withdrawal [*sic*]"), 4 ("Rahman also admitted that his oldest song [*sic*] spoke Bengali"), 6 ("Rahman also submittede [*sic*] a document that asked his eldest son's school toexcuse [*sic*] him"), 8 ("failing to . . . offer thgat [*sic*] counsel an opportunity to respond dooms Rahman's claim).  Of particular concern here is, in addition to the typographical errors, the incorrect reference to the petitioner Rahman as "Chung."  We expect a higher standard from attorneys practicing at our bar and for them to take more care with their written submissions, especially when they come from the Department of Justice.  We trust that in the future this admonition will be heeded.