Carlos **RUBIO–BENTACOURT**,
Petitioner,

v.

**Michael B. MUKASEY, Attorney
General, Respondent.**

No. 05–71032.

United States Court of Appeals,
Ninth Circuit.

Submission Deferred July 2, 2008.

Submitted July 18, 2008.*

Re–Submitted Dec. 19, 2008.

Filed Dec. 22, 2008.

Robert Bradford Jobe, Esquire, Law Of-
fices of Robert B. Jobe, San Francisco,
CA, for Petitioner.

Carol Federighi, Esquire, Senior Litiga-
tion Counsel, James Arthur Hunolt, Senior
Litigation Counsel, M. Jocelyn Lopez
Wright, U.S. Department of Justice Civil
Division/Office of Immigration Litigation,
Washington, DC, AZP–District Director,
Office of the District Director U.S. Depart-
ment of Homeland Security, Phoenix, AZ,
Ronald E. Lefevre, Office of the District

---

\* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FARRIS and BEA, Circuit Judges, and SILER,** District Judge.

## MEMORANDUM

Carlos Rubio–Bentacourt ("Bentacourt")[1], a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals's ("BIA") decision, which affirmed an Immigration Judge's ("IJ") order of removal and denied a motion to remand the case.

At the merits hearing, Bentacourt, represented by counsel, conceded the allegations supporting removal, namely he had been convicted of California Penal Code § 288(a) for Lewd and Lascivious Acts with a Child under the age of 14, pursuant to a guilty plea, a crime that constitutes the sexual abuse of a minor. 8 U.S.C. § 1101(a)(43)(A).

In his motion to remand, Bentacourt alleged his attorney failed to file an application for relief from removal under 212(c) of the Immigration and Nationality Act, codified at 8 U.S.C. § 1182(c) (1982). The BIA held Bentacourt did not comply with the requirements for making a claim of ineffective assistance of counsel set forth in *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (BIA 1988), *aff'd,* 857 F.2d 10 (1st Cir.1988), and further Bentacourt "has failed to establish prejudice as a result of the allegedly ineffective assistance of counsel." Bentacourt timely filed this petition for review on February 28, 2005.

We review the BIA's factual determinations and its denial of Bentacourt's motion to remand for abuse of discretion. *Castillo–Perez v. INS,* 212 F.3d 518, 523–24 (9th Cir.2000). We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D), and we deny the petition.

▉ Not only did Bentacourt fail to comply with the requirements of *Matter of Lozada,* he cannot prove any prejudice from his counsel's failure to file an application for section 212(c) relief, because he is statutorily ineligible for 212(c) relief.

Bentacourt's alleges his counsel was "contracted or retained" by his wife for $5,000, but there was no contract or proof of payment of the fee. The affidavit alleges his counsel was responsible for "all of my applications for relief" but does not specify the relief to be sought. Bentacourt has no documentation he contacted his former counsel. He claims he telephoned his counsel, but counsel ignored his calls. There is no evidence the requirement to contact the attorney was met and there has been no response from counsel. Bentacourt's complaint to the California Bar is also deficient because there is no evidence it was filed. He gives no explanation why it was not filed. Therefore, Bentacourt's motion to remand does not meet the requirements set by *Matter of Lozada.*

▉ More importantly, it would have been useless for his attorney to file an application for 212(c) relief. Bentacourt is statutorily ineligible for such relief because (1) he was convicted of sexual abuse of a minor and (2) he was not seeking relief from an order excluding his admission to this country, he was seeking relief from an order of removal. Each factor indepen-

---

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

1. Both parties refer to Carlos Rubio–Bentacourt by different names. We will call him Bentacourt hereafter.

dently makes him ineligible to apply for 212(c) relief. *Abebe v. Mukasey*, No. 05–76201, 2008 WL ⎯⎯ (9th Cir. November 18, 2008) (en banc).

**PETITION DENIED.**