NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 25 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDOFRE DURIEL PARRA-SALAS, | No. 16-70226 |
| Petitioner, | Agency No. A098-386-006 |
| v. | |
| JEFFERSON B. SESSIONS III, United States Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 18, 2017
San Francisco, California

Before: IKUTA and HURWITZ, Circuit Judges, and MOLLOY,** District Judge.

Edofre Duriel Parra-Salas, a native and citizen of Mexico, petitions for review

of an order of the Board of Immigration Appeals (BIA) affirming the decision of an

Immigration Judge (IJ) denying Parra's applications for withholding of removal

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

1

under 8 U.S.C. § 1231(b)(3) and protection under the Convention Against Torture (CAT), 8 C.F.R. §§ 1208.16-1208.18. Parra also petitions for review of the BIA's denial of his motion to remand because of alleged ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.  Parra's briefing on appeal raises no arguments in support of his CAT claim. He therefore has waived this claim. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005).

2.  An applicant for withholding of removal must show that either the government or an entity that the government is unwilling or unable to control is the source of his persecution. *See Knezevic v. Ashcroft*, 367 F.3d 1206, 1211 (9th Cir. 2004). The BIA affirmed the IJ's finding that Parra did not establish that the Mexican government was unwilling or unable to protect him from persecution by drug cartel members. Parra waived review of this claim by failing to argue it in his opening brief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996). Even assuming that the issue was not waived, Parra has not met his burden of demonstrating that the decision was not supported by substantial evidence.

3.  The BIA did not abuse its discretion by denying Parra's motion to remand. The BIA did not unreasonably conclude that Parra failed to make the prima facie showing of "legitimate and substantial" ineffective assistance, *Castillo-Perez v. INS*, 212 F.3d 518, 526 (9th Cir. 2000), needed to excuse failure to comply with

the procedural requirements of *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988), *aff'd*, 857 F.2d 10 (1st Cir. 1988). Moreover, the evidence that Parra sought to introduce was not reasonably likely to affect the outcome of his withholding claim.[1] *See Matter of Coehlo*, 20 I&N Dec. 464, 473 (BIA 1992).

**PETITION DENIED.**

---

[1] We **GRANT** Parra's request to submit a transcript of argument (**Dkt. 42, 44**).

3