
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIBNI SUDISADAI JUAREZ LOPEZ,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No. 14–71617<br><br>Agency No. A205-935-506<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 18, 2017[**]
San Francisco, California

Before: IKUTA and HURWITZ, Circuit Judges, and MOLLOY,[***] District Judge.

Libni Sudisadai Juarez Lopez ("Juarez Lopez") petitions for review of a

Board of Immigration Appeals ("BIA") order denying her motion to remand and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Donald W. Molloy, District Judge for the U.S. District Court for the District of Montana, sitting by designation.

dismissing her appeal from the denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

The BIA did not abuse its discretion when it denied Juarez Lopez's motion to remand. *See Castillo–Perez v. I.N.S.*, 212 F.3d 518, 523 (9th Cir. 2000). While Juarez Lopez complied with the first two *Lozada*[1] requirements, she did not "either show that a complaint against prior counsel was filed with the proper disciplinary authorities or explain why no such complaint was filed." *Iturribarria v. I.N.S.*, 321 F.3d 889, 900 (9th Cir. 2003). The record does not reveal "a clear and obvious case of ineffective assistance" so as to excuse Juarez Lopez's noncompliance, *Rodriguez–Lariz v. I.N.S.*, 282 F.3d 1218, 1227 (9th Cir. 2002) (citing *Castillo–Perez*, 212 F.3d at 526), because it does not show that counsel's alleged ineffective assistance "*may* have affected the outcome of the proceedings," *Lin v. Ashcroft*, 377 F.3d 1014, 1024 (9th Cir. 2004) (quoting *Castillo–Perez*, 212 F.3d at 527 n.12).

Juarez Lopez has not shown that the documents she wished to present would have demonstrated that the Guatemalan government was unwilling or unable to control the source of her persecution. *See Lolong v. Gonzalez*, 484 F.3d 1173,

---

[1] *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), *aff'd*, 857 F.2d 10 (1st Cir. 1988).

2

1178 (9th Cir. 2007). An unsuccessful government investigation does not necessarily demonstrate that the government was unwilling or unable to control the persecutor. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005). Because Juarez Lopez failed to submit the documents to the BIA, she could not show how the submission of these documents would affect her claim for asylum. *See Fisher v. I.N.S.*, 79 F.3d 955, 963 (9th Cir. 1996).

Nor has Juarez Lopez shown how the documents at issue demonstrate that her proposed particular social group—women who are members of a family that owns a business in Guatemala—is sufficiently particular and socially distinct. *See Matter of M-E-V-G-, Respondent*, 26 I. & N. Dec. 227, 237 (BIA 2014). No evidence has been provided showing female members of a family owning a business in Guatemala are "perceived as a group" by Guatemalan society or the extortionists, *Henriquez–Rivas v. Holder*, 707 F.3d 1081, 1089 (9th Cir. 2013) (citation omitted), and the group is overbroad, *see Matter of M-E-V-G-*, 26 I. & N. at 239.

**PETITION DENIED**

3