

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2007

# Mokhtar v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1549

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Mokhtar v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1729.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1729

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1549

BENSABEUR B. MOKHTAR,

Petitioner,

v.

ALBERTO GONZALES, ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

On Appeal from the Decision of the Board of Immigration
Appeals (BIA) dated January 20, 2006

Submitted Under Third Circuit LAR 34.1(a)
January 8, 2007

Before: SLOVITER, RENDELL, *Circuit Judges*, and IRENAS,[*]
*Senior District Judge.*

(Filed January 30, 2007)

---

[*] Honorable Joseph E. Irenas, Senior United States
District Judge for the District of New Jersey, sitting by
designation.

# OPION

**IRENAS**, Senior United States District Judge.

Petitioner Bensabeur B. Mokhtar ("Mokhtar") seeks review of a final order issued by the Board of Immigration Appeals (the "Board") denying his motion for reconsideration of the Board's decision affirming the denial of his motion to reopen a deportation order entered *in absentia*. This Court must determine whether the Board's decision denying petitioner's motion to reconsider was an abuse of discretion.[1]

## I.

The Petitioner, Mokhtar, is a 37 year-old native and citizen of Algeria. Mokhtar entered the United States in January 1992 and his temporary visa expired in July 1992, after which he was an illegal alien.

---

[1] This Court reviews a Board decision to deny a motion to reopen for abuse of discretion. INS v. Abudu, 485 U.S. 94, 105 (1988). This review is highly deferential and will not be disturbed unless it is determined to be "arbitrary, irrational, or contrary to law." Jian Lian Guo v. Ashcroft, 386 F.3d 556, 561 (3d Cir. 2004)(quoting Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994)).

On December 28, 1994, the government commenced deportation proceedings against Mokhtar by the issuance of an Order to Show Cause, which was served on and read to Mokhtar. The hearing date was continued several times by the Immigration Court (the "IC"), and when Mokhtar failed to appear for his deportation hearing on September 26, 1996, the Immigration Judge (the "IJ") entered an order of deportation *in absentia* on that date. Mokhtar alleges that he did not receive either the notices adjourning the hearing dates or the deportation order *in absentia*.[2]

---

[2]  When petitioner was personally served on December 28, 1994, with an Order to Show Cause as to why he should not be deported, he was living at 156 Union Street, Brooklyn, New York. The hearing date was scheduled for June 1, 1995. (Appx. Vol. II at pp. 535-41). In May 1995, petitioner moved to 157 Smith Street in Brooklyn. (Appx. Vol. II at pp. 461-63). On August 8, 1995, a notice that the deportation hearing was rescheduled was mailed to petitioner at 156 Union Street, his former address. (Appx. Vol. II at p. 542). On September 6, 1995, a new hearing date was set for February 21, 1996, but this notice was sent to 256 Union Street, an incorrect street number of his former address.

On some date in September 1995, petitioner again moved, this time to 424 Senator Street, also in Brooklyn. On December 11, 1995, the deportation hearing was scheduled for March 15, 1996, and on August 9, 1996, it was again rescheduled, this time for August 28, 1996. Both notices were again mailed to 256 Union Street. (Appx. Vol. II at pp. 402-08). A new hearing date was once again set by notice on August 28, 1996, for September 26, 1996, the date on which the *in absentia* order of deportation was entered. This last notice, and the Order of Deportation, were mailed to 156 Union Street, a correct version of petitioner's

On July 23, 2002, Mokhtar submitted a Motion to Reopen

Removal Proceedings to the IC based on a <u>Lozada</u> claim of

ineffective counsel.[3]  A hearing was held on February 5,

former address.  (Appx. Vol. II at pp. 407-11).

It appears that the discrepancy between 156 Union Street and 256 Union Street was irrelevant since he was no longer living on Union Street as of May 1995.  Petitioner alleges that he mailed change of address notices to the Immigration and Naturalization Service's New York office, where his petition for adjustment of status was pending.  Apparently these changes of address were not automatically forwarded to the IC in Philadelphia, where the deportation proceedings were pending.  Indeed, any failure to forward, after March 30, 1996, is not surprising.  Question number 16 to form I-130, the adjustment of status application, states: "Has your relative ever been under immigration proceedings?" The box for "NO" is checked, even though petitioner knew, when this form was filed on March 30, 1996, that he had been a party to a deportation proceeding.  (Appx. Vol. II at pp. 25, 461).

[3]  The Board held in <u>Matter of Lozada</u>, 19 I & N Dec. 637, 639 (BIA), *aff'd*, 857 F.2d 10 (1st Cir. 1988), that claims of ineffective assistance of counsel require: "1) that the motion be supported by an affidavit of the allegedly aggrieved respondent setting forth in detail the agreement that was entered into with counsel with respect to the actions to be taken and what representations counsel did or did not make to the respondent in this regard; 2) that counsel whose integrity or competence is being impugned be informed of the allegations leveled against him and be given an opportunity to respond; and 3) that the motion reflect whether a complaint has been filed with appropriate disciplinary authorities with respect to any violation of counsel's ethical or legal responsibilities, and if not, why not."  *See also* <u>Ponce-Leiva v. Ashcroft</u>, 331 F.3d 369 (3d Cir. 2003)(concluding that the three-prong test is a reasonable exercise of the Board's discretion).  Additionally, this Court requires that the party alleging ineffective assistance of counsel provide such counsel with

2003, after which the IJ denied Mokhtar's motion.  Mokhtar claims that in May of 1995, his fiancé and now wife, Carolinda Roman ("Roman"), called an attorney, Laura Weiss ("Weiss"), for advice concerning Mokhtar's pending deportation hearing.  Mokhtar claims that Weiss told Roman that Mokhtar did not have to attend the deportation hearing because of his eligibility for an adjustment of status once he married Roman, who was a U.S. citizen.  Mokhtar was married prior to the September 26, 1996, hearing but never received final approval for an adjustment of status.  Mokhtar admitted at the February 5, 2003, hearing that the only communication with Weiss involved a single telephone conversation between Weiss and Roman in May 1995.

Mokhtar did not assert this Lozada claim within 180 days of the date of the September 26, 1996 deportation order.  8 U.S.C. § 1229a(b)(5)(C)(i).  However, Mokhtar claims that ineffective assistance of counsel not only constitutes "exceptional circumstances" which justify a reopening of the original deportation order, but also justifies an equitable tolling of the 180-day time limit.

The IJ denied Mokhtar's motion to reopen on February

an opportunity to respond.  *See* Lu v. Ashcroft, 259 F.3d 127, 132 (3d Cir. 2001).

5

5, 2003, and on November 10, 2005, the Board affirmed and adopted the IJ's decision, noting that even if the Board were to toll the 180-day statutory limitations period for seeking to reopen an order of deportation entered *in absentia*, Mokhtar had failed to satisfy the Board's Lozada standards as approved and expanded by Third Circuit precedent. (Appx. Vol. I at pp. 5-6) Mokhtar moved for reconsideration of the denial of his Motion to Reopen but the Board denied that motion on January 20, 2006 (Appx. Vol. I at pp. 2-3), noting that not only had Mokhtar failed to meet the requirements of Lozada, but also that by waiting seven (7) years to check his immigration status, Mokhtar "shows his lack of due diligence." (Id. at p. 3).

## II.

This Court has jurisdiction to review final orders of the Board of Immigration Appeals. *See* 8 U.S.C. § 1252; Ponce-Levia, 331 F.3d at 371.

## III.

The issue before this Court is whether the Board abused its discretion when it denied Mokhtar's motion for

6

reconsideration of its Order denying the motion to reopen the *in absentia* deportation order entered on September 26, 1996.

An *in absentia* final order of removal may be rescinded only "upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances."[4]  8 U.S.C. § 1229a(b)(5)(C)(i).  A claim of ineffective assistance of counsel, if proven, not only constitutes exceptional circumstances, but may also justify equitably tolling the 180-day statutory limitation period. Borges v. Gonzalez, 402 F.3d 398 (3d Cir. 2005).  Mokhtar argues that, because he received ineffective assistance of counsel and has satisfied Lozada, he should be permitted to reopen the September 26, 1996, deportation order.

This Court disfavors motions to reopen immigration proceedings "because, as a general matter, every delay works to the advantage of the deportable alien who wishes to

---

[4]  "Exceptional Circumstances" is defined in 8 U.S.C. § 1229a(e)(1) as "exceptional circumstances (such as serious illness of the alien or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien."

remain in the United States." Lu, 259 F.3d at 131 (quoting INS v. Doherty, 502 U.S. 314, 323 (1992)). The Supreme Court has held that appellate courts should afford "broad" deference to the Board's decision to deny reopening a deportation proceeding. Id. (citing Abudu, 485 U.S. at 110). To succeed on his petition for review, Mokhtar must show that the Board's discretionary decision was arbitrary, irrational, or contrary to law. Guo, 386 F.3d at 561.

We need not reach the issue of whether the Board properly held that Mokhtar's ineffective assistance of counsel claim failed to satisfy Lozada. The Lozada factors address the merits of a claim for ineffective assistance of counsel, not the timeliness of a claim for equitable tolling. This Court has held in Mahmood v. Gonzales, 427 F.3d 248 (3d Cir. 2005), that even when allegations of ineffective counsel would, if proven, justify equitable tolling, such relief would be barred if there was a lack of due diligence in asserting the claim. Id. at 252-53.

Mokhtar surely knew he was subject to deportation when, in May of 1995, his fiancé allegedly talked to an attorney, Weiss, who told him that he need not appear because he was eligible for adjustment of status once he married his fiancé, which he did before the hearing date of September

8

26, 1996. He filed an application for adjustment of status, but because of various address changes and INS file transfers, he did not receive an actual interview on the application until April 10, 2001, as a result of which the *in absentia* order of deportation came to light. On May 25, 2001, an Immigration and Naturalization Service officer notified Mokhtar's then attorney of the deportation order. (Appx. Vol. II at p. 415). Thus, for almost six years he failed to investigate the status of his deportation proceedings, notwithstanding that he knew he had not received an adjustment of status, the availability of which was the purported reason for his failure to appear in the first instance. Even then, Petitioner waited more than a year, until July 23, 2002, to file the motion to reopen the September 26, 1996, deportation order. (Appx. Vol. II at p. 320).

The Board considered the evidence and properly used its discretion to affirm the denial of Mokhtar's motion for reconsideration of its denial of his motion to reopen the September 26, 1996, deportation order issued *in absentia*. Although the Board relied on Lozada in reaching its decision, it also clearly held that Mokhtar failed to

exercise due diligence when he waited seven years to file his motion to reopen. The Board's decision to deny the motion for reconsideration was reasonable and was not "arbitrary, irrational, or contrary to law." Guo, 386 F.3d at 561.

IV.

The Petition for Review is denied.