**MEI LIN, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 06–0862–ag.

United States Court of Appeals, Second Circuit.

Feb. 7, 2007.

Frank R. Liu, New York, New York, for Petitioner.

David L. Peterson, Assistant United States Attorney (Drew H. Wrigley, United States Attorney for the District of North Dakota, on the brief), Bismarck, North Dakota, for Respondent.

Present: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges, and Hon. MIRIAM GOLDMAN CEDARBAUM, District Judge.*

### SUMMARY ORDER

Mei Lin, a citizen of China, seeks review of a February 3, 2006 order of the BIA denying a motion to reopen and reconsider its October 28, 2005 order dismissing Lin's appeal from the May 7, 2004 decision of Immigration Judge ("IJ") Paul A. DeFonzo denying Lin's application for relief pursuant to Article 3 of the Convention Against Torture ("CAT").[1] *In re Mei Lin,* No. A 78 444 583 (B.I.A. Feb. 3, 2006), *aff'g* No. A 78 444 583 (B.I.A. Oct. 28, 2005), *dismissing appeal from* No. A 78 444 583 (Immig. Ct. N.Y. City May 7, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion, which we will find only where the BIA's decision "(1) provides *no rational* explanation, (2) inexplicably departs from

* The Honorable Miriam Goldman Cedarbaum, United States District Judge for the Southern District of New York, sitting by designation.

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *opened for signature* Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85.

established policies, (3) is devoid of any reasoning, or (4) contains only summary or conclusory statements." *Wu v. INS*, 436 F.3d 157, 161 (2d Cir.2006) (internal quotation marks omitted).

We have substantial questions regarding whether the BIA erred in finding that Lin failed to submit a notarized statement to support her ineffective assistance of counsel claim as required by *In re Lozada*, 19 I. & N. Dec. 637 (B.I.A.1988), *petition for review denied*, 857 F.2d 10 (1st Cir.1988); *see also Esposito v. INS*, 987 F.2d 108, 110 (2d Cir.1993) (per curiam) (enumerating the requirements of *Lozada*, including that an alien must submit "an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard").[2] We nonetheless affirm the BIA's alternative ground for denying Lin's motion to reopen and reconsider, namely, that because Lin failed to make a prima facie showing of eligibility for relief under the CAT she was not prejudiced by her counsel's failure to submit the brief in a timely manner. *See Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir.1994); *see also Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 532 (2d Cir.2006) ("[R]emand is not required when the BIA 'explicitly adopts an alternative and sufficient basis for [its] determination.'" (quoting *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir.2005) (second alteration in *Wangchuck*))).

The BIA's conclusion that Lin's submissions did not establish that she would be subject to torture under the CAT for having left China illegally was supported by substantial evidence. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir.2005) (finding that the CAT does not offer protection "based *solely* on the fact that [a petitioner is] part of the large class of persons who have illegally departed China"). Similarly, substantial evidence supported the BIA's conclusion that the evidence in the record did not support Lin's contention that she would be tortured because of her mental health. Specifically, she provided neither evidence that mental health patients in China are subject to abuse generally, nor evidence that she personally had been or likely would be tortured.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal is DENIED as moot.

---

2. Lin submitted a notarized letter to prior counsel that detailed their agreement, a notarized letter to the First Department Disciplinary Committee attesting to the same information, and an acknowledgment of fault from prior counsel. The BIA did not explain why these documents did not meet the *Lozada* requirements.