Genaro Carlos CISNEROS–SALINAS; Rosalinda Olvera–Martinez, Petitioners,

v.

Peter D. KEISLER,* Acting Attorney General, Respondent.

No. 04–71813.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 28, 2007 **.

Filed Oct. 2, 2007.

---

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Genaro Carlos Cisneros–Salinas, Las Vegas, NV, pro se.

INS & Naturalization Service, Office of the District Counsel Department of Homeland Security, Las Vegas, NV, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, District Director, Office of the District Chief Counsel U.S. Department of Homeland Security, Phoenix, AZ, Papu Sandhu, Esq., Cindy S. Ferrier, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Scott A. Chutka, Esq., Washington, DC, for Respondent.

Before: T.G. NELSON, IKUTA, and N.R. SMITH, Circuit Judges.

## MEMORANDUM ***

Petitioners Genaro Cisneros–Salinas and Rosalinda Olvera–Martinez, both citizens of Mexico, petition for review of the Board of Immigration Appeals' (BIA) order affirming the Immigration Judge's ("IJ") final order of removal and grant of voluntary departure, and rejecting Petitioners' claim of ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252.

■ This Court reviews de novo claims of due process violations in immigration proceedings, such as ineffective assistance of counsel. *See Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001). Ordinarily, the BIA will not consider an ineffective assistance of counsel claim absent compliance with the *Lozada* requirements. See *Reyes v. Ashcroft,* 358 F.3d 592, 597 (9th Cir.2004); *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (BIA 1988), *aff'd,* 857 F.2d 10 (1st Cir.1988). Although we do not strictly enforce the *Lozada* requirements, "we have never excused a petitioner's failure to provide an affidavit where, as here, the facts underlying the petitioner's claim were not plain on the face of the administrative record." *Reyes,* 358 F.3d at 597 (internal quotations omitted). Petitioners did not submit an affidavit to support their claim of ineffective assistance of counsel. Additionally, it is not plain from the face of the record that they received ineffective assistance of counsel. Thus, the BIA did not err in rejecting Petitioners' ineffective assistance of counsel claim.

■ Petitioners did not raise their equitable estoppel claim before the BIA and therefore it is not exhausted. Therefore, we lack jurisdiction to consider it. *See* 8 U.S.C. 1252(d)(1); *Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

Lastly, Petitioners assert that both the IJ and the BIA issued a "boilerplate" opin-

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ion which is insufficient for us to conduct our review. *See Ghaly v. INS,* 58 F.3d 1425, 1430 (9th Cir.1995). However, the IJ's and BIA's respective opinions indicate that each gave Petitioners' application the required individual determination and reasoned explanations for their decisions. *See id.*

Petition for Review DISMISSED in part and DENIED in part.

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.