**XIAO MEI HONG, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

·No. 06–5731–ag.

United States Court of Appeals,
Second Circuit.

Oct. 12, 2007.

Vlad Kuzmin, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Carol Federighi, Senior Litigation Counsel; Andrew B. Insenga, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiao Mei Hong, a native and citizen of China, seeks review of the November 20, 2006 order of the BIA denying

her motion to reopen. *In re Xiao Mei Hong,* No. A73 668 305 (B.I.A. Nov. 20, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen or reconsider for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). "According to BIA regulations, '[a] motion to reconsider a decision must be filed with the Board within 30 days after the mailing of the Board decision,' 8 C.F.R. § 1003.2(b)(2), whereas a motion to reopen 'must be filed no later than 90 days after the date on which the final administrative decision was rendered,' *id.* § 1003.2(c)(2)." *Jie Chen v. Gonzales,* 436 F.3d 76, 77 n. 2 (2d Cir. 2006).

Whether construed as a motion to reopen or a motion to reconsider, Hong's September 2006 motion was untimely because a final order was issued in April 1997. *See* 8 C.F.R. §§ 1003.2(b)(2), (c)(2). There are no exceptions to the time limitation for motions to reconsider a BIA decision. *See* 8 C.F.R. § 1003.2(b). However, where ineffective assistance of counsel prevents an alien from presenting her case for relief, the deadline for filing a motion to reopen a BIA decision may be equitably tolled. *See Cekic v. INS,* 435 F.3d 167, 170 (2d Cir.2006) (citations omitted). In addition, there is no time limit for filing a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 C.F.R. § 1003.23(b)(4)(i). Here, we find that the

BIA did not abuse its discretion in holding that Hong's arguments of ineffective assistance of counsel and changed country conditions did not excuse the untimeliness of her motion.

As a threshold matter, we do not review the denial of Hong's second motion to reconsider the BIA decision. "The BIA does not abuse its discretion by denying a motion to reconsider where the motion repeats arguments that the BIA has previously rejected." *Jin Ming Liu,* 439 F.3d at 111. In this case, the BIA had previously considered—and rejected—Hong's complaints about the preparer of her initial asylum application. Therefore, it was not an abuse of discretion for the BIA to refuse to consider her argument a second time.

Regarding her second motion to reopen the BIA decision, Hong claims that any delay in the filing of this motion resulted from the ineffective assistance of the counsel she hired to file that motion. "We generally require that ineffective assistance [of counsel] claims be presented in the first instance to the BIA, either through a motion to reopen or on direct appeal." *Yi Long Yang v. Gonzales,* 478 F.3d 133, 142 (2d Cir.2007). To prevail on such a claim, the alien must first comply with certain procedures set forth in *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988), *aff'd sub nom., Lozada v. INS,* 857 F.2d 10 (1st Cir.1988). *Id.* Specifically, the alien must file a motion with the agency that includes: "(1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the alien notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) if a

violation of ethical or legal responsibilities is claimed, a statement as to whether the alien filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so." *Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005). "[A]n alien who has failed to comply substantially with the *Lozada* requirements in her motion to reopen before the BIA forfeits her ineffective assistance of counsel claim. . . ." *Jian Yun Zheng v. U.S. Dep't of Justice,* 409 F.3d 43, 47 (2d Cir.2005). However, "slavish adherence" to *Lozada's* requirements is not necessary, and a finding of substantial compliance is possible where the facts supporting a "claim of ineffective assistance are clear on the face of the record." *Yi Long Yang,* 478 F.3d at 142–43.

In this case, the BIA did not abuse its discretion in declining to address Hong's complaint against her attorney because Hong made no effort to comply with *Lozada* other than submitting her affidavit. Moreover, we cannot conclude that Hong substantially complied with *Lozada* on the ground that the facts supporting an ineffective assistance claim are clear on the face of the record. *See id.* On the contrary, Hong was eventually able to file her second motion with the assistance of different counsel and the BIA considered her evidence of changed country conditions. *See Rabiu v. INS,* 41 F.3d 879, 882 (2d Cir.1994) (recognizing, in the immigration context, that an applicant must demonstrate that she was prejudiced by counsel's performance to prevail on an ineffective assistance claim). Accordingly, we find that the agency did not abuse its discretion

in denying Hong's claim of ineffective assistance of counsel for failure to comply with *Lozada.*

Hong next argues that her case should be remanded pursuant to *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006). In *Shou Yung Guo,* we remanded to the BIA to consider more fully evidence of changed circumstances in China that the BIA had heard but ignored. 463 F.3d at 114–15. However, we will not remand to the BIA for consideration of such evidence, where, as here, the "documentary evidence . . . was not in the record before the BIA . . . and . . . the agency regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence." *Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 262 (2d Cir.2007).[1] Here, Hong presented the evidence of changed country conditions to the BIA, and federal regulations set forth procedures for the BIA to reopen a case to take additional evidence. *See* 8 C.F.R. § 1003.2(c). Therefore, we will not remand to the BIA on *Shou Yung Guo* grounds.

For the foregoing reasons, the petition for review is DENIED.

---

1. Moreover, it is unlikely that the BIA would consider said documents evidence of changed country conditions excusing the filing deadline of a motion to reopen. *See, e.g., In re S–Y–G–,* 24 I. & N. Dec. 247, 258 (BIA 2007) (holding that the *Shou Yung Guo* documents do not "indicate that conditions in China have changed materially . . . such that the applicant would have an objective well-founded fear of persecution upon return to China").