**Bhupendrakumar Ambalal PATEL, Petitioner,**

v.

**Eric H. HOLDER, Jr.,\* Immigration & Naturalization Services, Respondent.**

No. 07–0002–ag.

United States Court of Appeals, Second Circuit.

Oct. 23, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Alberto Gonzales as respondent in this case.

---

M. Anne Hannigan, Chicago, IL, for Petitioner.

Jessica W. Segall, Marion E. Guyton, Trial Attorneys, Susan Houser, Senior Litigation Counsel, for Gregory G. Katsas, Assistant Attorney General, Office of Immigration Litigation, Civil Division, Washington, D.C., for Respondent.

## SUMMARY ORDER

Bhupendrakumar Ambalal Patel, a native and citizen of India, seeks review of the BIA's order affirming Immigration Judge Sandy Hom's (the "IJ") decision, which denied Patel's motion to reopen his removal proceedings. *In re Bhupendra-*

*kumar Patel,* No. A73–604–399 (B.I.A. Nov. 29, 2006), *aff'g* No. A73–604–399 (Immig. Ct. N.Y. City June 12, 2006). The BIA upheld the IJ's decision on the grounds that Patel had not adequately complied with the procedural requirements set forth in *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (B.I.A.1988), *aff'd sub nom. Lozada v. INS,* 857 F.2d 10 (1st Cir.1988). We assume the parties' familiarity with the underlying facts, issues on appeal and procedural history of the case. We review an agency's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005)

On appeal, Patel argues that his former counsel's ineffective assistance at the initial proceeding resulted in the IJ granting Patel voluntary departure, rather than the opportunity to proceed with his other applications for relief. In order to prevail on an ineffective assistance of counsel claim, a petitioner must comply with the procedural requirements set forth in *Lozada.* *See Twum v. INS,* 411 F.3d 54, 59 (2d Cir. 2005). While we do not require "slavish adherence" to *Lozada's* requirements, *see Yang v. Gonzales,* 478 F.3d 133, 142–43 (2d Cir.2007), our "review on the merits may be conditioned on substantial compliance with the reasonable requirements set forth in *Lozada.*" *Zheng v. U.S. Dep't of Justice,* 409 F.3d 43, 46 (2d Cir.2005). Patel acknowledges that he has not notified his former counsel of the ineffective assistance of counsel allegations, nor has he given his former counsel the opportunity to respond to these allegations, as *Lozada* requires. Patel also acknowledges that he has not filed a disciplinary complaint against his former counsel. However, Patel submits that the IJ incorrectly denied him access to his case file, preventing him from reviewing the record before confronting his former attorney.

We cannot say that the BIA abused its discretion because Patel, represented by new counsel before the BIA, did not comply with two of the three *Lozada* requirements. Furthermore, Patel's excuse for failing to comply with *Lozada* does not suffice. Even taking into account the fact that Patel did not receive a copy of the record of his first hearing, which the BIA found was the fault of Patel's new counsel, Patel's failure to comply with *Lozada* is not excused because he could have contacted his former attorney and filed a disciplinary complaint even without the formal record. Without more, we see no abuse of discretion.[1]

We have considered Patel's remaining contentions and find them to be without merit.

For the foregoing reasons, the petition for review is DENIED.

---

1. We note, without expressing any opinion on the merits, that in support of Patel's ineffective assistance of counsel claim against his former attorney, Patel may still be able to comply with *Lozada* by filing another motion to reopen based upon his current counsel's failure to comply with *Lozada.*