[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 6, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16746
Non-Argument Calendar
_____

BIA Nos. A77-253-077 & A77-253-078

DIANA TOSKA,
GEZIM TOSKA,
KLEVIS TOSKA,
ANXHELINA TOSKA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 6, 2006)

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Diana Toska ("Toska"), Gezim Toska, and their children, Klevis and Anxhelina Toska, through counsel, seek review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ's") order finding them removable and denying their application for asylum, withholding of removal, and relief under the Convention Against Torture, 8 U.S.C. §§ 1158, 1231, 8 C.F.R. § 208.16(c), and denying their motion to reopen, 8 C.F.R. § 1003.2(c)(4), on the basis of ineffective assistance of counsel.[1]

The Toskas were found to be removable in large part because the IJ made an explicit adverse credibility finding with respect to Diana Toska, which the BIA affirmed. Toska now argues that the BIA's adverse credibility finding is not supported by substantial evidence because she provided a logical explanation for the inconsistencies between her asylum application and her testimony.[2]

Although the finding that Toska's testimony regarding her father's death was inconsistent may have been supported by substantial evidence, the IJ and the BIA failed to consider the other evidence of persecution submitted by Toska.

---

[1]When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we review the IJ's decision as well." Id. (internal citations omitted).

[2]"Credibility determinations . . . are reviewed under the substantial evidence test." D-Muhumed v. United States Attorney Gen., 388 F.3d 814, 818 (11th Cir. 2004). "A credibility determination, like any fact finding, may not be overturned unless the record compels it." Forgue, 401 F.3d at 1287 (internal quotations and citations omitted).

"[A]n adverse credibility determination alone may be sufficient to support the denial of an asylum application" when there is no other evidence of persecution. Id. However, an adverse credibility determination does not alleviate the BIA's duty to consider other evidence produced by the asylum applicant. Id. "[T]he weaker the applicant's testimony, . . . the greater the need for corroborative evidence." Yang, 418 F.3d at 1201. The denial of asylum and withholding of removal cannot be based solely on an adverse credibility finding if the applicant offered "other evidence of persecution," See Forgue, 401 F.3d at 1287-88 (noting that, where an applicant produces other evidence of persecution, the IJ must consider that evidence, and it is not sufficient for the IJ to rely solely on the adverse credibility determination).

There is nothing in the record specifically indicating or suggesting that the BIA considered the other evidence, including an affidavit from the translator of her declaration, witness testimony, and a letter regarding the circumstances of her father's death. Accordingly, we vacate and remand for the BIA to consider Toska's corroborating evidence in the first instance because the denial of asylum and withholding of removal cannot be based solely on an adverse credibility claim if the applicant offered other evidence of persecution.

Toska's second argument is that the BIA erred in denying her motion to remand based on ineffective assistance of counsel because the IJ would not have found her lacking in credibility if her attorney had familiarized himself with the facts of her case and properly prepared her for her first asylum hearing. Here, Toska's motion is properly treated as a motion to reopen because she presented new evidence.[3] We review the BIA's denial of a motion to reopen for an abuse of discretion. Al Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001). "Judicial review of denials of discretionary relief incident to deportation proceedings, including motions to reopen, is limited to determining 'whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious.'" See Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985).

Pursuant to the Fifth Amendment Due Process Clause, "[a]liens enjoy the right to effective assistance of counsel in deportation proceedings." Mejia Rodriguez v. Reno, 178 F.3d 1139, 1146 (11th Cir. 1999). "[T]o establish the ineffective assistance of counsel in the context of a deportation proceeding, an alien must establish that his or her counsel's performance was deficient to the point that it impinged upon the fundamental fairness of the hearing such that the alien

---

[3]Although Toska styled her motion as a "motion to remand," we treat motions to remand that seek to introduce evidence that has not previously been presented, as motions to reopen. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1301 (11th Cir. 2001)

4

was unable to reasonably present his or her case." Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1274 (11th Cir. 2005). In addition, a petitioner seeking to reopen his proceedings due to ineffective assistance of counsel must show that counsel's performance was so deficient that it may have affected the outcome of the proceedings. Id.

In Matter of Lozada, 19 I. & N. Dec. 637, 638-39, (BIA 1988), aff'd, 857 F.2d 10 (1st Cir.1998), the BIA addressed a claim of ineffective assistance of counsel raised in a motion to reopen, holding that the motion should be (1) supported by an affidavit setting forth in detail the agreement that was entered into with counsel and what representations counsel did or did not make to the petitioner regarding the alleged claim, (2) the petitioner must inform counsel of the allegations leveled against him and give counsel an opportunity to respond, (3) the motion must reflect whether a complaint has been filed with appropriate disciplinary authorities with respect to any violation of counsel's ethical or legal responsibilities, and if not, why not, and (4) the petitioner must show that his counsel's deficient performance resulted in prejudice to him. See Dakane, 399 F.3d at 1274. (discussing the Lozada requirements). We have held that substantial, if not strict, compliance with the four Lozada factors is required. See Dakane, 399 F.3d at 1274 (holding that substantial, if not exact, compliance with the procedural

requirements of <u>Lozada</u>, as well as a showing of prejudice is required to make claim for ineffective assistance of counsel).

Here, the BIA did not abuse its discretion in finding that Toska failed to establish a claim for ineffective assistance of counsel. Toska did not establish that her attorney's performance resulted in prejudice because she failed to demonstrate that the IJ would have found her credible but for her attorney's errors. Accordingly, we deny her petition for review with respect to her motion to reopen and grant her petition for review with respect to the BIA's denial of Toska's application for asylum, withholding of removal, and relief under the Convention Against Torture. We vacate and remand as described in this opinion.

**PETITION GRANTED IN PART, DENIED IN PART.**