[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 16, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14801
Non-Argument Calendar

_____

Agency No. A96-110-494

HONG CHEN,

                                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                    Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(May 16, 2007)**

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Petitioner Hong Chen, a native and citizen of China, petitions for review of the Bureau of Immigration Appeals's ("BIA") order, affirming the Immigration Judge's ("IJ") final order denying his application for asylum, withholding of removal, and relief under the United Nations Convention on Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT).

Regarding his asylum claim,[1] Chen argues on appeal that the BIA's factual findings supporting its adverse credibility determination were not supported by substantial evidence because he was not given an opportunity to articulate why he gave differing accounts of his arrest in China for selling illegal Falun Gong materials. Second, Chen challenges the BIA's adverse credibility finding as to his assertion that he currently is a practitioner of Falun Gong. He argues that the BIA failed to discredit his evidence of membership with specific and cogent reasons, relying instead on its adverse credibility finding related to his arrest in China.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257

---

[1]Chen has abandoned his claims for withholding of removal and relief under the CAT. Chen states, in part, that he is appealing the BIA's decision affirming the IJ's denial of those claims and includes law relating to withholding of removal and the CAT, but he does not argue how he met the higher standard of proof required by withholding of removal, why he was entitled to relief under the CAT, or how the BIA erred in affirming the IJ's decision denying his request for withholding of removal and relief under the CAT. Because he does not present arguments for his claims of withholding of removal and relief under the CAT, we hold that Chen has abandoned them. *See Rowe v. Schreiber*, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998) (holding that issues not argued on appeal are deemed abandoned).

F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." *Id.* Here, the BIA found that the IJ did not clearly err, but it also made additional findings and found that discrepancies in Chen's account of his travel through Japan were not directly relevant to his asylum petition. Therefore, we review the BIA's decision.

The Attorney General or the Secretary of Homeland Security has discretion to grant asylum if an alien meets the INA's definition of a "refugee." *See* INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). The asylum applicant carries the burden of proving statutory "refugee" status. *Al-Najjar*, 257 F.3d at 1284. In order to carry this burden, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); *Al-Najjar*, 257 F.3d at 1287.

The BIA's factual determinations are reviewed under the substantial evidence test, and we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Al Najjar*, 257 F.3d at 1284 (internal quotations and citations omitted). The substantial evidence test is deferential and does not allow "re-weigh[ing] the evidence from scratch." *Mazariegos v. U.S. Att'y Gen.*, 241 F.3d 1320, 1323 (11th Cir. 2001) (citation omitted). "Credibility determinations likewise are reviewed

3

under the substantial evidence test." *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 818 (11th Cir. 2004). A credibility determination may not be overturned unless the record compels it. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005) (internal quotations and citations omitted). "[A]n adverse credibility determination alone may be sufficient to support the denial of an asylum application" when there is no other evidence of persecution. *Id.* However, an adverse credibility determination does not alleviate the BIA's duty to consider other evidence produced by the asylum applicant. *Id.* The "IJ [or BIA] must still consider all evidence introduced by the applicant." *Id.* (emphasis in original).

The record demonstrates that Chen had the opportunity at his hearing to clarify any inconsistencies in previous sworn documents and to develop further his arguments for eligibility for asylum. However, he did not fully develop his arguments for eligibility for asylum. The inconsistencies surrounding his accounts of his arrest and membership in Falun Gong support the BIA's adverse credibility finding. Accordingly, we deny the petition for review.

**PETITION DENIED.**