# United States Court of Appeals
## For the First Circuit

No. 16-1090

IRMA AGUILAR-ESCOTO,

Petitioner,

v.

JEFFERSON B. SESSIONS, III,
Attorney General of the United States,[*]

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Howard, Chief Judge,
Thompson and Kayatta, Circuit Judges.

Carlos E. Estrada, with whom Estrada Law Office was on brief, for petitioner.

Yanal H. Yousef, Trial Attorney, Office of Immigration Litigation, Civil Division, with whom Anthony P. Nicastro, Assistant Director, Office of Immigration Litigation, and Benjamin C. Mizer, Principal Deputy, Assistant Attorney General, Civil Division, were on brief, for respondent.

October 27, 2017

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Jefferson B. Sessions, III has been substituted for former Attorney General Loretta E. Lynch as respondent.

HOWARD, __Chief Judge__.  Petitioner Irma Aguilar-Escoto, a native and citizen of Honduras, asks us to vacate a Board of Immigration Appeals ("BIA" or "Board") order rejecting her claim for withholding of removal.  Aguilar's application for relief was predicated upon alleged domestic violence by her ex-husband.  Because the BIA failed to consider potentially significant documentary evidence submitted in support of Aguilar's claim, we vacate the agency's order.

## I.

Aguilar first entered the United States in August 2005, but she was apprehended and removed to Honduras.  About four years later, Aguilar returned to the United States.  She was again apprehended, and the Department of Homeland Security filed a notice to reinstate her prior removal order.  The case was subsequently referred to Immigration Court.

Aguilar then filed the instant application for withholding of removal.  In order to succeed on a withholding claim, an applicant must establish that her "life or freedom would be threatened" in her home country because of her "race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1231(b)(3)(A).  In light of her reinstated removal order, Aguilar was not eligible to apply for asylum, a separate form of relief for aliens harboring a "well-founded fear of persecution on account of" a protected ground.  8 U.S.C.

- 2 -

§ 1101(a)(42)(A); see also Garcia v. Sessions, 856 F.3d 27, 33 (1st Cir. 2017).

In March 2013, an immigration judge ("IJ") conducted a merits hearing. At the hearing, Aguilar testified to suffering relentless physical, emotional, and sexual abuse by Victor Gonzalez, whom she married in 1997 and later divorced. The IJ, however, citing various perceived inconsistencies, found that Aguilar's testimony was "not credible" and therefore discounted it.

After rendering this adverse credibility finding, the IJ went on to separately address the other evidence that Aguilar had submitted "[a]side from her discredited testimony." Aguilar had provided "police reports, a family court order, a medical record, and two declarations" evidencing her abusive relationship with Gonzalez. According to the IJ, this documentary evidence "suggest[ed] that between 2004 and 2008, [Gonzalez] struck [Aguilar] once or twice, threatened [Aguilar] and her family, and publicly ridiculed and shamed [Aguilar]. . . . As a result, [Aguilar] sought court-ordered psychological treatment and was prescribed antidepressants and sedatives . . . ." The IJ did not question the credibility of Aguilar's documentary evidence but instead concluded that the abuse reflected therein was not sufficiently serious and persistent to warrant relief.

Aguilar appealed to the BIA, challenging the IJ's adverse credibility finding. She also argued that she had presented sufficient "credible evidence" of her abuse, citing the documentary materials submitted to the IJ in addition to her testimony. The BIA dismissed her appeal, holding that the IJ "did not commit clear error in her adverse credibility determination." The Board did not so much as mention the IJ's separate treatment of the documentary evidence. Rather, based solely on its credibility ruling, the BIA concluded that Aguilar "failed to meet her burden of proof for asylum." On appeal, the government concedes that the BIA's reference to asylum was erroneous. Aguilar did not, and indeed could not, pursue an asylum claim. The Board went on to conclude that Aguilar was not eligible for withholding of removal because withholding "has a higher burden of proof" than asylum.

Aguilar now petitions this court to review the BIA decision rejecting her withholding of removal claim.[1] Again, she challenges the agency's adverse credibility finding but also contends that, notwithstanding her credibility, the agency "failed to consider [her] well-documented claim of past persecution." The government curiously responds to the first point but declines to

---

[1] Aguilar does not challenge the denial of her separate claim for relief under the Convention Against Torture ("CAT"). Any argument with respect to the CAT claim is therefore waived.

argue the second, devoting the entirety of its brief to the credibility of Aguilar's testimony. We now hold that, irrespective of the supportability of the adverse credibility finding, remand is required for the BIA to consider Aguilar's potentially significant documentary evidence.

## II.

As a preliminary matter, we must define the scope of our review. We consider BIA and IJ decisions together where the Board "adopt[s] and supplement[s]" the IJ's reasoning. Martinez v. Holder, 734 F.3d 105, 111 n.15 (1st Cir. 2013) (citation omitted). In the present case, however, even assuming that the BIA adopted the IJ's credibility ruling, it never acknowledged, much less adopted, the IJ's separate analysis of the documentary evidence. We therefore train our focus on the BIA decision. See id. (focusing on BIA ruling where the Board "affirmed, but did not adopt, the decision of the IJ").

We review the BIA's legal conclusions de novo and its findings of fact under the "substantial evidence" standard, meaning that we will not disturb such findings if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Xin Qiang Liu v. Lynch, 802 F.3d 69, 74 (1st Cir. 2015) (citation omitted). In our review of the record, we note that while the BIA need not "discuss every piece of evidence offered," it is "required to consider all

relevant evidence in the record." Lin v. Mukasey, 521 F.3d 22, 28 (1st Cir. 2008) (emphasis added). Consistent with this obligation, the Eleventh Circuit has specifically held that "an adverse credibility determination does not alleviate the BIA's duty to consider other evidence produced by" an applicant for relief. Hong Chen v. U.S. Att'y Gen., 231 F. App'x 900, 902 (11th Cir. 2007) (citing Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005)). Rather, where the applicant provides evidence other than her own testimony, the agency "must consider that evidence" and may not "rely solely on an adverse credibility determination." Forgue, 401 F.3d at 1287. According to the Eleventh Circuit, the agency's failure to fulfill this duty is grounds for vacating the BIA decision, irrespective of the merits of the adverse credibility finding. See Toska v. U.S. Att'y Gen., 194 F. App'x 767, 768 (11th Cir. 2006); see also Khattak v. Holder, 704 F.3d 197, 208 (1st Cir. 2013) ("[W]e will remand if the agency fails to state with sufficient particularity and clarity the reasons for denial of [relief] or otherwise to offer legally sufficient reasons for its decision." (citation omitted)).

We agree with the Eleventh Circuit's approach to this issue, which is consistent with our precedent. See Rasiah v. Holder, 589 F.3d 1, 6 (1st Cir. 2009) ("An adverse credibility finding by itself would not automatically doom a claim for asylum."). The appropriate result in this case follows easily.

- 6 -

Even assuming that its credibility ruling was supportable, the BIA was required to go further and address whether, setting Aguilar's testimony to one side, the documentary evidence entitled her to relief. See Lin, 521 F.3d at 28; Forgue, 401 F.3d at 1287. Indeed, the IJ expressly recognized that this documentary evidence, if believed, was sufficient to establish multiple acts of domestic violence against Aguilar by her ex-husband. In these circumstances, the BIA's failure to consider or even acknowledge the evidence requires remand. See Toska, 194 F. App'x at 768; Khattak, 704 F.3d at 208. We take no position on the merits of the IJ's holding that the abuse reflected in the documentary evidence was not sufficiently severe to warrant relief. This issue is best left to be addressed by the BIA in the first instance.

We note, for the benefit of the agency on remand, that the Board's failure to consider Aguilar's documentary evidence may have been rooted in its fundamental misunderstanding of her claim. Again, the Board appears to have operated under the mistaken assumption that Aguilar had applied for asylum as well as withholding of removal. These two grounds for relief are not identical. For one thing, withholding of removal requires a higher likelihood of persecution than asylum. See Romilus v. Ashcroft, 385 F.3d 1, 8 (1st Cir. 2004) (noting that applicants for withholding must satisfy a "more likely than not" standard (citation omitted)). There is, however, a different sense in which

the asylum standard may be more exacting.  Withholding claims "lack a subjective component and are [thus] concerned only with objective evidence of future persecution."  Paul v. Gonzales, 444 F.3d 148, 155-56 (2d Cir. 2006); see also INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987) (explaining that the relevant statutory language "has no subjective component").  Asylum, by contrast, has both a subjective and an objective component:  it requires a showing that the applicant "genuinely fears persecution," in addition to proof that the "fear is objectively reasonable."  Makhoul v. Ashcroft, 387 F.3d 75, 80 (1st Cir. 2004).  Applicants "typically" seek to establish the requisite "genuineness" through their "own credible testimony."  Id. at 80-81.  An adverse credibility finding thus may prove fatal to this aspect of an asylum claim.  But, because withholding of removal requires no such genuine belief, a withholding claim "may, in appropriate instances, be sustained" despite an adverse credibility finding.  Paul, 444 F.3d at 156.

In the present case, the BIA may well have been justified in concluding that, absent her own credible testimony, Aguilar failed to establish a subjectively genuine fear that she would be persecuted upon returning to Honduras.  This failure would doom an asylum claim notwithstanding additional evidence establishing that a reasonable person in Aguilar's circumstances would have feared persecution.  See Makhoul, 387 F.3d at 80-81.  But, in the withholding context, the inquiry is a strictly objective one.  See

Cardoza-Fonseca, 480 U.S. at 430-31. Thus, even after discrediting Aguilar's testimony, arguably the only evidence that she did in fact harbor a subjective fear of persecution, the BIA was nonetheless obliged to consider documentary evidence potentially capable of establishing her likelihood of suffering further abuse.

Rather than embarking on this objective assessment, the BIA fell back on the familiar refrain that, because "the applicant did not establish eligibility for asylum, it follows that she cannot establish eligibility for withholding of removal, which has a higher burden of proof." Such a conclusion is unassailable where the applicant's subjective fear is proven or assumed, and the denial of the asylum claim turns on the lack of evidence that the fear was objectively reasonable. See, e.g., Makhoul, 387 F.3d at 81. But the same is not necessarily true where an asylum claim fails due to a lack of credible testimony establishing the applicant's subjective fear. The Board's failure to apply the appropriate, purely objective standard to Aguilar's withholding claim provides an independent basis for remand. See Kozak v. Gonzáles, 502 F.3d 34, 38 (1st Cir. 2007) (remanding because "the BIA applied an inappropriate legal standard"); Castañeda-Castillo v. Gonzales, 488 F.3d 17, 22 (1st Cir. 2007) (remanding "to allow the matter to be considered anew under the proper legal standards").

### III.

For the foregoing reasons, we **VACATE** the BIA's order dismissing Aguilar's appeal and remand for further proceedings consistent with this opinion.