# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 18-60648
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

November 19, 2019

Lyle W. Cayce
Clerk

TAJ UDDIN FORHAD,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A202 188 669

————

Before BENAVIDES, GRAVES, and HO, Circuit Judges.

PER CURIAM:*

Taj Uddin Forhad, a native and citizen of Bangladesh, petitions for review of an order of the Board of Immigration Appeals (BIA) that affirmed the denial of his applications for asylum and withholding of removal. Forhad argues that (1) the adverse credibility finding is not supported by substantial evidence, (2) the BIA and Immigration Judge (IJ) should have considered whether the documentary evidence established eligibility for relief despite the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60648

adverse credibility finding, (3) the BIA's alternate conclusion that he failed to show past persecution or a well-founded fear of future persecution is not supported by substantial evidence, and (4) he did not waive his claim for protection under the Convention Against Torture (CAT).

We review the final decision of the BIA and will also review the IJ's ruling insofar as it affected the BIA's decision. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). The BIA's legal conclusions are reviewed de novo "unless a conclusion embodies [the BIA's] interpretation of an ambiguous provision of a statute that it administers," in which case *Chevron*[1] deference is required. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012) (internal quotation marks and citation omitted) (alteration in original). We review findings of facts, including asylum eligibility, for substantial evidence, which requires that the decision (1) be based on the evidence presented and (2) be substantially reasonable. *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013).

In light of inconsistencies discussed by the BIA, there is substantial evidence supporting the adverse credibility finding, and the evidence in the record does not compel a contrary conclusion. *See Ghotra v. Whitaker*, 912 F.3d 284, 289 (5th Cir. 2019). To the extent that Forhad argues that his documentary evidence constituted corroboration for his testimony, he has not shown that the BIA erred. *See id.* at 290 & n.2. To the extent that Forhad argues that his documentary evidence independently established eligibility for relief, we cannot consider that challenge because he did not fairly present it to the BIA.[2] *See id.* at 290 & n.2; *Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009). In light of the BIA's reasonable adverse credibility finding and the BIA's

---

[1] *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984).

[2] Forhad's brief incorrectly cites *Aguilar-Escoto v. Sessions*, 874 F.3d 334, 337 (1st Cir. 2017), as caselaw from our court. Even assuming that the error was a mere oversight, counsel is reminded to take care not to misrepresent legal authority.

consideration of Forhad's documentary evidence, he has not met his burden to establish eligibility for asylum. *See Zhang v. Gonzales*, 432 F.3d 339, 345 (5th Cir. 2005); *Chun v. I.N.S.*, 40 F.3d 76, 79 (5th Cir. 1994). Finally, we cannot consider Forhad's challenge to the disposition of his CAT claim because he did not fairly present any argument to the BIA regarding the denial of CAT relief. *See Omari*, 562 F.3d at 318. We lack jurisdiction to consider these unexhausted arguments. *See id.*

Accordingly, the petition for review is DENIED IN PART and DISMISSED IN PART.